John B. Sganga, Jr. (CA Bar No. 116,211)
john.sganga@kmob.com
Sheila N. Swaroop (CA Bar No. 203,476)
sheila.swaroop@kmob.com
Michelle E. Armond (CA Bar No. 227,439)
michelle.armond@kmob.com
Timothy J. Goodson (CA Bar No. 244,649)
timothy.goodson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff and Counterdefendants
NOBEL BIOCARE USA, LLC and
NOBEL BIOCARE, AB


Kenneth Watnick (CA Bar No. 150,936)
watnick@lbbslaw.com
R. Anthony Moya (CA Bar No. 137,786)
moya@lbbslaw.com
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
221 North Figueroa Street
Suite 1200
Los Angeles, CA 90012-2601
Phone: (213) 250-1800
Facsimile: (213) 250-7900

Dale M. Heist
heist@woodcock.com
Albert J. Marcellino
marcelli@woodcock.com
Henrik D. Parker
parker@woodcock.com
Daniel J. Goettle
dgoettle@woodcock.com
Jordan L. Jonas
jjonas@woodcock.com
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Phone: (215) 568-3100
Facsimile: (215) 568-3439

Attorneys for Defendants
MATERIALISE, N.V. and
MATERIALISE DENTAL, N.V.

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE CENTRAL DISTRICT OF CALIFORNIA

3    SOUTHERN DIVISION

| | |
|---|---|
| 4  NOBEL BIOCARE USA, LLC, a<br>Delaware limited liability company,<br>5<br>6       Plaintiff,<br>7  v.<br>8  MATERIALISE, N.V., a Belgian<br>corporation and MATERIALISE<br>DENTAL, N.V., a Belgian corporation,<br>9<br>       Defendants.<br>10 | ) Civil Action No.<br>) 07SACV898 CJC (MLGx)<br>)<br>) **[~~PROPOSED~~] STIPULATED<br>PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>) Hon. Cormac J. Carney<br>)<br>) |
| 11 MATERIALISE, N.V., a Belgian<br>corporation and MATERIALISE<br>DENTAL, N.V., a Belgian corporation,<br>12<br>13       Counterclaimants,<br>14 v.<br>15 NOBEL BIOCARE USA, LLC, a<br>Delaware limited liability company,<br>and NOBEL BIOCARE, AB, a<br>16 Swedish corporation,<br>17       Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

18

19

20

21

22

23

24

25

26

27

28

This Protective Order is issued to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.  Unless modified pursuant to the terms contained in this Order, this Order and the Court's jurisdiction over this Order shall survive the termination of this case.

In support of this Order, the Court finds that:

1.     During the course of discovery in this litigation, there is likely to be disclosed or produced documents or other information containing confidential, proprietary business information and/or trade secrets ( "**CONFIDENTIAL INFORMATION**") of Nobel Biocare USA, LLC, Nobel Biocare, AB, Materialise, N.V., Materialise Dental, N.V. (individually referred to as a "Party" and collectively referred to as "Parties"), as well as third parties (as used herein, the terms "party" or "parties" refers to both Party/Parties and third parties);

2.     Public dissemination and disclosure of such **CONFIDENTIAL INFORMATION** could severely injure or damage the party disclosing or producing the **CONFIDENTIAL INFORMATION** and could place that party at a competitive disadvantage; and

3.     To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue;

/ / /

/ / /

/ / /

-1-

**IT IS THEREFORE ORDERED AS FOLLOWS:**

**A.**      **INFORMATION SUBJECT TO THIS ORDER**

**Confidential Information**

4.      For    purposes    of    this    Order,    "**CONFIDENTIAL INFORMATION"** shall mean and refer to all information or material disclosed to a receiving Party that the disclosing party considers, and that a reasonable person or entity in the disclosing party's position would consider, to constitute or to contain confidential business or commercial, financial, proprietary, or technical information, whether embodied in physical objects, documents, data, or the factual knowledge of persons, that is not publicly known, cannot be ascertained from an inspection of publicly available documents, or qualifies for protection under standards developed under California law.

5.      A "disclosing party" includes any party producing information or material voluntarily or pursuant to a subpoena or a court order.    Any **CONFIDENTIAL INFORMATION** obtained by any receiving Party pursuant to discovery in this litigation may be used only for purposes of this litigation, including any appeals, retrials or other litigation between the Parties involving U.S. Patent No. 5,768,134, and not for patent prosecution or any other commercial or legal purpose.   This Order is only intended to protect the confidentiality of information disclosed to another party and nothing herein shall place any restrictions on a party's use or disclosure of its own confidential information.

6.      The following information is not **CONFIDENTIAL INFORMATION**:

        (a)      any information that at the time of disclosure to a receiving Party is legitimately available in the public domain;

        (b)      any information that, after disclosure to a receiving Party, becomes part of the public domain as a result of publication

-2-

not involving a violation of this Order or other violation of law;

(c)      any information that a receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and is under no obligation of confidentiality to the disclosing party; and

(d)      any information which a receiving Party can show was independently developed by it either before or after the time of disclosure by personnel who have not had access to the disclosing party's **CONFIDENTIAL INFORMATION**.

**B.**    **PROCEDURE FOR DESIGNATION**

7.    Any document or tangible thing containing or including any **CONFIDENTIAL INFORMATION** may be designated as such by the disclosing party by marking it with the following legend: "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

8.    All documents (including physical objects) that a disclosing party wishes to designate as **CONFIDENTIAL INFORMATION** pursuant to this Protective Order shall be designated as **CONFIDENTIAL INFORMATION** at the time of production, except in the case of depositions, which shall be designated as set forth in Paragraph 13.  The disclosing party shall designate documents (*e.g.*, letters, memos, reports, e-mails, etc.) containing **CONFIDENTIAL INFORMATION** by marking each page thereof containing **CONFIDENTIAL INFORMATION**, as specified in Paragraph 7 , in a manner that does not interfere with the legibility of the document.  In the case of items produced electronically on CD or DVD that cannot be directly marked (*i.e.*, video and audio recordings, hard drives), the confidentiality designation will be placed on the CD or DVD, and the receiving Party shall ensure that all copies

/ / /

and hardcopy print outs of the contents of the same will bear the appropriate confidentiality designation.

9.    In the event that a party produces documents for inspection, such documents will be provisionally deemed to be **CONFIDENTIAL INFORMATION** notwithstanding the failure to mark such documents as such in advance of the inspection.  After the receiving Party inspects the documents and selects documents or material for copying, the disclosing party shall produce copies of the selected documents (subject to any agreements or orders on copy costs) and shall mark copies of any documents it wishes to designate as **CONFIDENTIAL INFORMATION** as specified in Paragraph 7   before providing copies to the receiving Party.  Any copies of documents produced after inspection that are not so marked will no longer be deemed **CONFIDENTIAL INFORMATION**.

10.    The parties will use reasonable care when designating documents or information as **CONFIDENTIAL INFORMATION** to ensure that non-confidential information is not improperly designated under this Order.  Nothing in this Order shall prevent a receiving Party from contending that any document or information designated as **CONFIDENTIAL INFORMATION** has been improperly designated.  A receiving Party may at any time request that the disclosing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

11.    A receiving Party shall not be obligated to challenge the propriety of a **CONFIDENTIAL INFORMATION** designation at the time it is disclosed, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the disclosing party, and shall particularly identify the documents or information that the receiving Party contends should not have been designated as **CONFIDENTIAL INFORMATION**,  and provide the reason(s) why the

-4-

designation is challenged.  The parties shall attempt to resolve promptly and informally such disputes.  If agreement cannot be reached, the receiving Party may move the Court to cancel a **CONFIDENTIAL INFORMATION** designation.  In such a proceeding, the disclosing party shall have the burden of proving that the document or thing is **CONFIDENTIAL INFORMATION.**

12.  Inadvertent failure to identify documents or things as **CONFIDENTIAL INFORMATION** pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the disclosing party to appropriately mark the information in accordance with this Order.  The receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or things not bearing a confidentiality legend occurring before the receiving Party was placed on notice of the disclosing party's claims of confidentiality.

13.  Counsel attending a deposition may designate, on the record, portions of the transcript that contain **CONFIDENTIAL INFORMATION**.  The portions of any deposition transcript that counsel for any party or non-party has designated on the record at the deposition as **CONFIDENTIAL INFORMATION** shall be treated as such.  For deposition testimony not designated on the record during the deposition, portions of the transcript may be designated if, within ten (10) business days of the delivery of a deposition transcript to counsel for the deponent (or to the deponent if not represented by counsel), counsel (or the deponent) designates to all counsel attending the deposition, in writing, by page and line number, the portion(s) of the transcript to be designated as **CONFIDENTIAL INFORMATION.**  In the time after the deposition but before the expiration of this ten day period, the entirety of all

/ / /

-5-

deposition transcripts must be treated as if they contained **CONFIDENTIAL INFORMATION.**

**C.     PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION**

## The Court

14.     Nothing in this Order shall limit the use or disclosure of information in case-related motions, proceedings, or other communications with the Court and its staff.  However, all transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as **CONFIDENTIAL INFORMATION** or that contain information so designated, shall be filed (or otherwise submitted) in accordance with the procedures for sealing documents set forth in Local Rule 79-5.1.

## Deposition Reporters/Videographers

15.     Any deposition reporter or videographer transcribing or recording deposition testimony shall be permitted to receive **CONFIDENTIAL INFORMATION** under this Order. Any deposition transcript or videotape containing testimony designated as **CONFIDENTIAL INFORMATION** on the record will be marked by the reporter or videographer consistent with Paragraph 7.

## Counsel

16.     Outside counsel of record for a receiving Party shall have access to the producing party's **CONFIDENTIAL INFORMATION**.  The term "outside counsel of record" shall mean attorneys of Lewis Brisbois Bisgaard & Smith LLP, Woodcock Washburn LLP, and Knobbe, Martens, Olson and Bear LLP, and the supporting personnel employed by those attorneys, including paralegals, legal secretaries, and law clerks.  However, attorneys Rabi Narula, Nathan Smith, Sean Ambrose, and Winston Chu of Knobbe, Martens, Olson and Bear

LLP shall not have access to any of Materialise's **CONFIDENTIAL INFORMATION**.

### Technical/Financial Consultants

17.     The term "consultants" shall mean any outside person (who is not a Party or employee of a Party), including, but not limited to, proposed expert witnesses or consultants and their support personnel, whom outside counsel of record has retained to consult concerning technical or financial aspects of this case for the preparation or trial thereof.

18.     Outside counsel of record for the receiving Party may disclose **CONFIDENTIAL INFORMATION** of a disclosing party, and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, to consultants, provided that outside counsel of record first complies with the requirements of Paragraph 20 before the disclosure of any **CONFIDENTIAL INFORMATION** to any such consultants.  In addition, the disclosing party shall be provided with the curriculum vitae of the consultant, the consultant's business address, business title, business or profession, the existence of any previous or current relationship (personal or professional) with any of the Parties, and all companies for which the consultant has consulted or been employed by within the last four years at the same time as a copy of the signed Exhibit A is provided.

19.     A Party's identification of a consultant pursuant to sub-Paragraph 20(b) below shall not be deemed a waiver of the immunity from discovery provided by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure with respect to non-testifying experts.  Further, in the event that a Party discloses the identity of a consultant pursuant to sub-Paragraph 20(b), no other party shall contact such consultant nor subject such consultant to discovery to enquire into matters arising from the consultant's work with the identifying Party except as provided by the Federal Rules of Civil Procedure or an order of this Court.

## **Disclosure of Third Party Access**

20.     Should a receiving Party find it necessary for maintaining, defending, or evaluating this litigation to disclose a disclosing party's **CONFIDENTIAL INFORMATION** to a third party consultant under Paragraphs 17 through 19, or data processing vendor or litigation graphics consultant under Paragraphs 21 and 22, such information may be disclosed subject to the following provisions:

(a)    Prior to disclosure, the third party must sign the Confidentiality Agreement appended hereto as Exhibit A stating that he or she has read and understands this Order and agrees to be bound by its terms.  Such written agreement shall be retained by counsel for the Party that has retained the third party.

(b)    The Party retaining the third party shall provide written notice, including a copy of Exhibit A signed by the third party, to the other, disclosing party at least ten (10) calendar days prior to disclosure of any **CONFIDENTIAL INFORMATION** to the third party.  No **CONFIDENTIAL INFORMATION** shall be disclosed to such third party until after the expiration of the ten (10) calendar day notice period.

(c)    The disclosing party shall have ten (10) calendar days after such notice is served upon it to serve upon the receiving party an objection in writing.  Upon service of an objection by the disclosing party, there shall be no disclosure of **CONFIDENTIAL INFORMATION** to the individual pending resolution of the objection.  The disclosing party shall provide an explanation of the basis of its objection.

(d)     If a disclosing party objects to the disclosure of **CONFIDENTIAL INFORMATION** to a third party, the retaining Party shall then have five (5) business days after such objection is served to respond to the objection.

(e)     If the parties cannot come to an agreement, within ten (10) business days after the expiration of the response period set out in sub-Paragraph 20(d), above, the disclosing party may file an objection with the Court and seek disqualification of the third party or other appropriate relief.  If the disclosing party fails to file an objection within the prescribed period, then any objection to the consultant is waived, and any **CONFIDENTIAL INFORMATION** may be thereafter disclosed to the third party.

**Data Processing Vendors, Graphics Consultants, Trial Consultants and Translators**

21.     The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry, data processing, or copying service employed or retained by a receiving Party or its counsel in connection with this litigation.

22.     Subject to the requirements set forth in this Order, outside counsel of record for a receiving Party may furnish and disclose **CONFIDENTIAL INFORMATION** of a disclosing party to data processing vendors and litigation graphics consultants retained by such counsel for the purpose of providing services to counsel related to discovery or preparation for trial in this litigation, provided that outside counsel of record first complies with the requirements of Paragraph 20 before the disclosure of any **CONFIDENTIAL INFORMATION** to any such data processing vendors and litigation graphics consultants.

-9-

23.    Subject to the requirements set forth in this Order, outside counsel of record for a receiving Party may furnish and disclose **CONFIDENTIAL INFORMATION** of a disclosing party to jury or trial consulting services, including mock jurors or focus group participants, and translators provided that no such person is an employee, former employee, immediate relation of any employee or former employee, contractor, officer, or director of any Party.

24.    Should counsel for a receiving Party find it necessary for maintaining, defending, or evaluating this litigation to disclose a disclosing party's **CONFIDENTIAL INFORMATION** to any of the persons or services described in Paragraph 23, outside counsel of record for the receiving Party shall first obtain a written Confidentiality Agreement, in the form attached hereto as Exhibit A.  Such written agreement shall be retained by counsel for the receiving Party, but need not be provided to the disclosing Party.

<u>Other Persons</u>

25.    No person or entity shall be authorized to receive any information designated as **CONFIDENTIAL INFORMATION** unless explicitly allowed by this Order or agreed upon, in writing, by the party disclosing the **CONFIDENTIAL INFORMATION**.  Before disclosure to any such persons or entities agreed upon by the parties, outside counsel of record for the receiving Party shall first obtain a written Confidentiality Agreement, in the form attached hereto as Exhibit A.  Such written agreement shall be retained by counsel for the receiving Party, but need not be provided to the disclosing Party.

**D.    LIMITATIONS    ON    THE    USE    OF    CONFIDENTIAL INFORMATION**

26.    Nothing in this Order will prohibit transmission or communication of **CONFIDENTIAL INFORMATION** among authorized recipients.

27.    Except as may be otherwise ordered by the Court, any person that is examined as a witness at a deposition or at trial may testify concerning all

-10-

**CONFIDENTIAL INFORMATION** of which such person had prior knowledge.  Before any such examination, the "prior knowledge" must be: (a) clearly evidenced within the document containing the **CONFIDENTIAL INFORMATION** in question, (b) established by examination of the witness, (c) established by agreement of the parties, or (d) established by the Court's order.  Notwithstanding the foregoing, any **CONFIDENTIAL INFORMATION** of a party may be disclosed during a deposition to (1) a current employee of such party or (2) a witness designed to testify on behalf of such party under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Witnesses to whom **CONFIDENTIAL INFORMATION** may be disclosed at a deposition or trial as provided here but who are not otherwise authorized to receive **CONFIDENTIAL INFORMATION** at the time of a deposition or trial (*e.g.*, former employees) shall not be permitted to receive or retain copies of any documents (*e.g.*, exhibits) designated **CONFIDENTIAL INFORMATION** that were shown to them during such deposition or trial.

28.    During depositions, hearings or trial, any person other than the witness being examined, his or her attorney(s), and any person qualified to receive **CONFIDENTIAL INFORMATION** under this Order shall be excluded from the portion of the deposition, hearing or trial during which the **CONFIDENTIAL INFORMATION** is discussed, unless the disclosing party consents to persons other than authorized recipients being present.  If a non-party witness is represented by an attorney who is not authorized under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, stating that he or she will comply with the terms of this Order and maintain the confidentiality of information disclosed during the course of the proceeding.  The waiting periods described in Paragraph 20 shall not apply to such attorneys representing non-party witnesses.

-11-

**E.   NONPARTY USE OF THIS PROTECTIVE ORDER**

29.   A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as **CONFIDENTIAL INFORMATION** in the manner specified in Paragraphs 7 through 9 and such information shall thereafter be treated as **CONFIDENTIAL INFORMATION** under this Order.

30.   A non-party's use of this Protective Order to protect its **CONFIDENTIAL INFORMATION** does not entitle that non-party access to **CONFIDENTIAL INFORMATION** produced by any other party in this case.

**F.   MISCELLANEOUS PROVISIONS**

31.   Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by an attorney of record for the party against whom such waiver will be effective.

32.   A Party filing a pleading, brief, or other document with the Court under seal or serving any discovery response including **CONFIDENTIAL INFORMATION** shall provide to counsel of the other Party with a public, redacted version of the sealed pleading, brief, or other document or discovery response within five (5) business days of the date of filing or service, however, if a response to the filing is due in seven (7) days or less, then the public, redacted version of the sealed pleading, brief, or other document or discovery response must be provided within three (3) business days.  Counsel of the other Party may share the public, redacted version of the filing or discovery response with their client.

33.   Within sixty (60) days after the settlement or judgment (including all appeals) of all claims and counterclaims in this action, each Party shall, at its option, either return to the disclosing party or destroy all physical objects and documents which embody **CONFIDENTIAL INFORMATION** that were received from the disclosing party.  The party shall destroy all other physical

objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, that contain or refer to **CONFIDENTIAL INFORMATION**.   Further, all **CONFIDENTIAL INFORMATION** not embodied in physical objects and documents, shall remain subject to this Order.  However, outside counsel of record of each party may retain for archival purposes only one (1) set of all Court filings, discovery requests, discover responses, deposition transcripts and exhibits thereto, trial exhibits, a copy of the record on appeal, and attorney correspondence, which may contain the other party's **CONFIDENTIAL INFORMATION**.   All original exhibits shall be returned to the producing party.

34.   Inadvertent production of documents or things subject to work-product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the disclosing party shall notify the receiving Party in writing (or on the record if concerning a document marked as an exhibit at a deposition) of such inadvertent production within ten (10) business days after the earlier of (a) the disclosing party's discovery of the inadvertent production or (b) its use in a pleading, motion or deposition by the receiving party.  Such inadvertently produced documents and things shall be returned to the disclosing party upon request.  After the receipt of the notice of inadvertent production, the receiving Party shall not thereafter use the inadvertently produced document or thing for any purpose other than a dispute regarding whether the disclosing party's claim of privilege or use of the provisions outlined in this Paragraph is appropriate.

35.   This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  The Court shall take appropriate measures to protect **CONFIDENTIAL INFORMATION** at trial and any hearing in this case.  The parties recognize

that this Protective Order does not exclude outside counsel of record who receive **CONFIDENTIAL INFORMATION** from prosecuting patent applications on behalf of a party but agree that none of Nobel's First Set of Requests for the Production of Documents and Things, Nobel's Second Set of Requests for the Production of Documents and Things, nor Nobel's First Set of Interrogatories seek information on Materialise's research and development concerning products or services, or versions thereof, not yet launched by Materialise. While Nobel does not necessarily agree that such additional protection is necessary, nothing in this Protective Order should be construed as limiting Materialise's right to request that the Order be modified to exclude outside counsel of record who receive **CONFIDENTIAL INFORMATION** from prosecuting patent applications in certain fields in the event that Nobel subsequently seeks discovery of information on Materialise's research and development concerning products or services, or versions thereof, not yet launched by Materialise.

36. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning **CONFIDENTIAL INFORMATION** produced under the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-14-

protection of this Protective Order shall be resolved by the United States District

Court for the Central District of California.

Dated: July 14, 2008                    Dated: July 14, 2008

KNOBBE, MARTENS, OLSON &                LEWIS, BRISBOIS, BISGAARD &
BEAR, LLP                               SMITH


By:_____/s/_____               By:_____/s/_____
   John B. Sganga, Jr.                     Kenneth Watnick
   Sheila N. Swaroop                       R. Anthony Moya
   Michelle E. Armond
   Timothy J. Goodson                   WOODCOCK WASHBURN LLP

Attorneys for Plaintiff and                Dale M. Heist
Counterdefendants                          Henrik D. Parker
NOBEL BIOCARE USA, LLC and                 Albert J. Marcellino
NOBEL BIOCARE, AB                          Daniel J. Goettle
                                           Jordan L. Jonas

                                        Attorneys for Defendants and
                                        Counterclaimants
                                        MATERIALISE, N.V. and
                                        MATERIALISE DENTAL, N.V.


**SO ORDERED**

Dated   July 14, 2008

                                        Honorable Marc L. Goldman
                                        United States Magistrate Judge

-15-

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I, _____, state:

1.     I reside at _____;

2.     My present employer is _____;

3.     My present occupation or job title is _____;

4.     I agree to keep confidential all information provided to me in the matter Nobel Biocare USA, LLC v. Materialise, N.V. and Materialise Dental, N.V. and Materialise, N.V. and Materialise Dental, N.V. v. Nobel Biocare USA, LLC and Nobel Biocare, AB, Civil Action No. 07SACV898 CJC (MLGx), and to be subject to the jurisdiction and authority of the United States District Court for the Central District of California in the event of any violation of this agreement or dispute related to this agreement.

5.     I have been informed of or read the Stipulated Protective Order entered in the above case, and I will not divulge any **CONFIDENTIAL INFORMATION** to persons other than those specifically authorized by said Order.

6.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on the _____ day of _____, _____



                                    _____

5597986

-16-